

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CASE NO. 1:12-CR-65 |
| § | |
| SHANNON LEE FENCIL § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Shannon Lee Fencil, violated conditions of supervised release imposed by United States District Judge Orlando L. Garcia. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #2) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on March 19, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.  That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.  That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On August 17, 2006, The Honorable Orlando L. Garcia of the Western District of Texas sentenced the defendant after he pled guilty to the offenses of possession of a firearm by a convicted felon and possession of a stolen firearm, both Class C felonies. The Court sentenced him to 70 months imprisonment followed by three (3) years of supervised release on both counts. The supervised release term included the standard conditions of release, plus special conditions to include a $200 special assessment.

On December 8, 2010, Shannon Lee Fencil completed his period of imprisonment and began service of the supervision term. On July 25, 2012, jurisdiction over this case was transferred from the Western District of Texas to the Eastern District of Texas and assigned to the docket of United States District Judge Thad Heartfield.

**B. Allegations in Petition**

The United States Probation Office alleges that the defendant violated a mandatory condition of his supervised release by committing another federal, state or local crime. Specifically, the petition alleges that on September 6, 2012, Shannon Fencil pled guilty to theft of copper in Liberty County, Texas. He was subsequently sentenced to 6 months and 3 days in the State Jail Division of TDCJ.

**C. Evidence presented at Hearing**

At the hearing, the Government offered the following evidence as its factual basis for the allegations set out *supra*. The Government submitted a copy of the judgment of conviction filed in cause number 29501 in the 75th Judicial District Court of Liberty County, Texas, on September 6, 2012. That judgment shows that Shannon Lee Fencil pled guilty to the offense of Theft of Copper and was sentenced to 6 months and 3 days in the State Jail Division of TDCJ.

Defendant, Shannon Lee Fencil, offered a plea of true to the allegations. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new state crime in violation of his supervision conditions.

**D. Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by committing the new state crime of theft of copper.

A violation of supervision conditions in the manner stated above constitutes a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of VI and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). However, because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years, and the maximum sentence is therefore capped at 24 months. *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade B violation of his supervision conditions by committing a new state

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

crime. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation. The Court also notes that the sentence recommended herein is less than that suggested by the Guidelines and recommended by the United States Probation Office, but the Government and Defendant agreed to the disposition of the revocation proceeding in this manner.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke the defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Shannon Lee Fencil, to serve a term of **fifteen (15) imprisonment** with no further supervision to follow in this case and credit for time served.

### **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and

recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 22nd day of March, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE